IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES
OF AMERICA,

        Plaintiff,

PAULA RAMIREZ and
EFREN PERCHEZ,

        Plaintiffs-Intervenors,

vs.                                                            No. CIV 03-0135 JB/WDS

JAVIER VILLEGAS
and JOSE VILLEGAS,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion for Default Judgment and for Evidentiary Hearing to Establish Damages, filed April 22, 2004 (Doc. 15). The Clerk of Court entered Default against the Defendants, Javier and Jose Villegas, on April 27, 2004 (Doc. 16). The Court entered Default Judgment on December 27, 2004. The Court scheduled an evidentiary hearing for December 27, 2004, but the United States indicated that it would not present any evidence or testimony and submitted a form of order to which it and the Plaintiff-Intervenors had agreed. The only decision left for the Court was the amount, if any, of a civil penalty. The Court, having determined that an evidentiary hearing would not assist the Court in its decision, vacated the evidentiary hearing to establish damages. The purpose of this memorandum is to explain the Court's reason for not imposing a civil penalty under 42 U.S.C. § 3614(d)(1)(C).

A court "may to vindicate the public interest, assess a civil penalty against the respondent .

. . in an amount not exceeding $50,000, for a first violation." 42 U.S.C. § 3614(d)(1)(C)(i). Because of the lack of case law to guide a court in determining whether to impose a civil penalty and, if so, in what amount, federal courts have examined the legislative history for appropriate factors to consider:

> The court may also assess civil penalties against a defendant up to a maximum of $50,000 for a first violation and $100,000 for any subsequent violations. As with civil penalties provided under Section 812(g), these are maximum, not minimum, penalties, and are not automatic in every case. When determining the amount of a penalty against a defendant the court should consider the nature and circumstances of the violation, the degree of culpability, any history of prior violations, the financial circumstances of that defendant and the goal of deterrence, and other matters as justice may require.

H.R. Rep. No. 711, at 2201 (1988), reprinted in 1988 U.S.C.C.A.N. 2173. "[T]he statute gives complete discretion to the court 'to vindicate the public interest,' by using the word 'may.'" Smith & Lee Assoc., Inc. v. City of Taylor, 13 F.3d 920, 932 (6th Cir. 1993).

Because this matter comes before the Court on Default, the record contains minimal description of the surrounding facts and circumstances. The Complaint for Damages and Other Relief Under the Fair Housing Act, filed by the United States on January 29, 2003 (Doc. 1), and the Complaint-in-Intervention, filed by the Plaintiffs-Intervenors Paula Ramirez and Efren Perchez on May 8, 2003 (Doc. 8), contain the only facts from which the Conciliation Agreement arose. The Court cannot say, from the record before it, whether it is fully informed about the nature and circumstances of the violation, and while the Defendants appear from the allegations in the Complaint culpable, they may have chosen not to contest the lawsuit to avoid expenses. There is no evidence of prior violations, and the returned check for insufficient funds may suggest limited financial circumstances. In sum, there is insufficient facts in the record on which the Court can weigh the

relevant factors and make a fully informed determination of whether the Villegases' actions warrant a civil penalty. Based on such a scant record, the Court declines to enter a civil penalty against the Villegases.

In declining to impose a civil penalty, the Court also notes that -- as part of the Default Judgment -- the Villegases are enjoined from further Fair Housing Act violations. Because the imposition of a fine would not add to the protections already afforded under the injunction, the Court sees little deterrent value in imposing an additional fine against the Villegases. See United States v. Page Properties, Inc., No. 98-2489, 1999 WL 475563, at **1 (8th Cir. 1999).[1]

**IT IS SO ORDERED** that United States' Motion for Default Judgment and for Evidentiary Hearing to Establish Damages is granted. Default Judgment is entered against the Defendants Javier and Jose Villegas; the Court however will not impose a civil penalty as part of the Judgment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David Iglesias
  United States Attorney
Howard R. Thomas
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the United States*

---

[1] The Tenth Circuit Rule 36.3(B) states: "Citation to an unpublished decision is disfavored. But an unpublished decision may be cited to if: (i) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (ii) it would assist the court in its disposition." This unpublished decision meets both these criteria and the rules therefore allow citation to this unpublished decision.

Richard D. Weiner
  Legal Aid Society of New Mexico
Albuquerque, New Mexico

    *Attorney for Plaintiffs-Intervenors Paula Ramirez and Efren Perchez*

Javier Villegas
Jose Villegas
Albuquerque, New Mexico

    *Defendants*